**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES**, | Case No. 3:17-cr-431-SI |
| v. | **OPINION AND ORDER** |
| **DAT QUOC DO**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Defendant is charged with two counts of unlawful use of a weapon in violation of Or.
Rev. Stat. § 166.220(1)(a), assimilated into federal law under the Assimilative Crimes Act, 18
U.S.C. § 13, and the Indian Country Crimes Act, 18 U.S.C. § 1152. According to the
government, Defendant, who is not a Native American (Indian), intentionally attempted to use a
dangerous and deadly weapon unlawfully against three Native American (Indian) females by
personally discharging a firearm at or near a car driven by one of them and in which the other
two were passengers. This allegedly took place on the Warm Springs Indian Reservation in
Oregon. A jury trial is scheduled to begin March 13, 2019.

Defendant requests that the Court give the jury a "lesser included offense" instruction for
the offense of recklessly endangering another person in violation of Or. Rev. Stat. § 163.195(1).

The government opposes Defendant's request, arguing that the crime of recklessly endangering another person is not a lesser included offense of the charged offense. The government, however, requests that the Court reserve ruling on this issue until after the close of all evidence. In contrast, Defendant asks the Court to at least make a preliminary ruling before trial begins to provide the parties some direction in framing their presentations of evidence. The Court accepts Defendant's request regarding timing but agrees with the government on the merits. For the reasons that follow, the Court provisionally rules that it will not give the jury a lesser included offense instruction, but Defendant has leave to seek reconsideration of this decision at the final instruction conference.

Even though Defendant is charged with two counts of violating Oregon state law, because this case is in federal court under the Assimilative Crimes Act and the Indian Country Crimes Act the legal standard for determining whether a lesser included offense instruction is appropriate is a matter of federal law. *United States v. Pluff*, 253 F.3d 490, 494 (9th Cir. 2001) (rejecting "the notion that the incorporation of state law for the definition of offenses under the Assimilative Crimes Act extends to 'the whole criminal and constitutional law' of the state in which the offense occurred"). Under federal law, courts apply a two-step test to determine whether one offense is a lesser included offense of another. Under the first step, "one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense. When the lesser offense requires an element not required for the greater offense, no instruction is to be given." *Schmuck v. United States*, 489 U.S. 705, 716 (1989). If the elements of the purported lesser included offense are a subset of the elements of the charged offense, the Court then proceeds to the second step and evaluates whether "the evidence would permit a jury rationally to find [Defendant] guilty of the lesser offense and

acquit [him] of the greater.'" *United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007) (quoting *Schmuck*, 489 U.S. at 716).

"The elements test requires a 'textual comparison of criminal statutes,' an approach that . . . lends itself to 'certain and predictable' outcomes." *Carter v. United States*, 530 U.S. 255, 261 (2000) (quoting *Schmuck*, 489 U.S. at 720). The elements of the lesser included offense must be contained in the greater offense; it is not enough that the elements "be so related that in the general nature of these crimes, . . . proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense." *Schmuck*, 489 U.S. at 716 (describing and rejecting "inherent relationship" test).

Defendant is charged in this case with two counts of unlawful use of a weapon. "A person commits the crime of unlawful use of a weapon if the person: '(a) Attempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon.'" Or. Rev. Stat. § 166.220(1)(a). The elements of the charged offense can be stated as:

(1)     attempting to use or carrying or possessing with intent to use

(2)     unlawfully

(3)     against another

(4)     any dangerous or deadly weapon.

The Oregon Supreme Court has explained that, in this context, "'use' refers both to employment of a weapon to inflict harm or injury and employment of a weapon to *threaten* immediate harm or injury." *State v. Ziska*, 355 Or. 799, 811 (2014) (emphasis added).

Defendant seeks a lesser included offense instruction for the offense of recklessly endangering another person. "A person commits the crime of recklessly endangering another

person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." Or. Rev. Stat. § 163.195. The elements of this offense can be stated as:

(1)     engaging in conduct

(2)     recklessly

(3)     that creates a substantial risk of serious physical injury to another person.

The Oregon Court of Appeals has clarified that, in this context, the conduct must be of the type that may create a risk of serious physical injury, but it is not a requirement that any person actually be put at risk of serious physical injury. *State v. Harbert*, 155 Or. App. 137, 141 (1998). "Thus, the statute prohibits conduct that is likely to expose another person to harm; it is not limited to conduct that actually exposes another person to harm." *Id*.

Defendant relies on cases holding that the threatened use of a firearm is a "crime of violence" under § 4B1.2(a)(2) of the United States Sentencing Guidelines. Defendant argues that these cases support his argument that the creation of a substantial risk of serious physical harm is inherently subsumed within the use of a weapon. *See, e.g., United States v. Rendon-Duarte*, 490 F.3d 1142, 1147-48 (9th Cir. 2007). Any threatened use of a weapon, Defendant argues, "instills fear in the average citizen; as a consequence, it creates an immediate danger that a violent response will ensue." *McLaughlin v. United States*, 476 U.S. 16, 17-18 (1986).

The Court's analysis, however, must follow the text of the statute, *Carter*, 530 U.S. at 261, and creating a "substantial risk of serious physical injury" simply is not an element of Or. Rev. Stat. § 166.220(1)(a). A defendant can be guilty of Or. Rev. Stat. § 166.220(1)(a), the charged offense, if he "display[s] a dangerous or deadly weapon against another person in a manner that *threaten[s] the other person* with imminent serious physical injury." *Ziska*, 355 Or.

at 811 (emphasis added). The potential chain reaction of violence potentially caused by merely displaying a weapon in a threatening manner is too attenuated create a "substantial" risk of serious physical injury to another person, as the reckless endangerment statute requires. Or. Rev. Stat. § 163.195. Moreover, a jury need not necessarily find, as an element, that a person engaged in conduct that created a substantial risk of serious physical injury to another person find a defendant guilty of violating Or. Rev. Stat. § 166.220(1)(a) by using a gun to threaten another.

An example may be helpful. Pointing to an *unloaded* gun in one's holster as a signal to another person (who does not know the gun is unloaded) to "stay back" *threatens* that other person with imminent serious physical injury but does not create a substantial risk of physical injury to that other person. According to the Oregon Court of Appeals, under Oregon law an unloaded gun is not "presently capable" of causing death or serious physical injury and thus does not meet the definition of "deadly weapon" in Or. Rev. Stat. § 161.015(2). *See Norwood v. Premo*, 287 Or. App. 443, 508 (2017). An unloaded gun, however, is "readily capable" of causing death or serious physical injury and thus meets the definition of "dangerous weapon" under Or. Rev. Stat. § 161.015(1). *See Norwood*, 287 Or. App. at 508. Because Or. Rev. Stat. § 166.220(1)(a) prohibits the unlawful use of either a dangerous weapon or a deadly weapon, the example of pointing to an unloaded gun in one's holster shows how one can violate § 166.220(1)(a) without also creating a serious risk of physical injury to another person, in violation of § 163.195.

In addition, Defendant correctly observes that in *State v. Ziska*, the Oregon Supreme Court distinguished between threatening to use a weapon in the future and currently using a weapon as a threat. The Court explained that distinction as follows: Saying, "If you do not give me your money, I will get my gun and shoot you" is not a current "use" of a weapon; Pointing to

a gun and saying "Give me your money" is, however, a "current use of the weapon as a threat." *State v. Ziska*, 355 Or. at 808. This observation confirms the hypothetical case in which someone points to an unloaded gun as an implied threat. That is a current use of a dangerous weapon and thus can violate § 166.220(a)(1) even though there is no creation of a substantial risk of serious physical injury to another person. Thus, Defendant's purported lesser offense contains an additional element that the charged offense does not, namely the creation of a substantial risk of serious physical injury to another person.

Finally, Defendant cites *United States v. Terry-Crespo*, 356 F.3d 1170, 1177-79 (9th Cir. 2004), for the proposition that a person may violate Or. Rev. Stat. § 166.220(1)(b) by discharging a firearm within a city or residential area at or in the direction of any person, building, or vehicle within the range of the weapon because such an act poses a serious potential risk of physical injury. That case, however, does not aid Defendant's argument. First, he is not charged with violating § 166.220(1)(b), only with violating § 166.220(1)(a). Second, and more significantly, the fact that Defendant's alleged specific conduct in this case might have created a serious potential risk of physical injury to another person (and thus might support a charge under Or. Rev. Stat. § 163.195) does answer the question of whether § 163.195 is a lesser included offense of the offense charged in § 166.220(a)(1) under the first step (the elements subset inquiry) of the applicable federal test.

In summary, Defendant's purported lesser included offense contains an element that the charged offense does not. Thus, that offense does not meet the first requirement that "the elements of the lesser offense are a subset of the elements of the charged offense." *Arnt*, 474 F.3d at 1163. Because the request for a lesser included offense instruction fails as a matter of law on the first prong of the two-step test, the Court need not reach the second prong and need not

consider whether a "jury could rationally find the defendant guilty of the lesser offense yet acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 2087 (1973). All parties have leave to request reconsideration of this ruling at the close of all evidence.

**IT IS SO ORDERED.**

DATED this 11th day of March, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge