# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:17-cr-431-SI |
| v. | **REDACTED FINAL JURY INSTRUCTIONS** |
| **DAT QUOC DO,** | |
| Defendant. | |

DATED:  March 15, 2019

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

FINAL JURY INSTRUCTIONS – Page 1

## INDEX OF JURY INSTRUCTIONS

Instruction No. 1:    Duty of the Jury to Find Facts and Follow Law ........................................... 3

Instruction No. 2:    Charge, Presumption of Innocence, and Burden of Proof ............................ 4

Instruction No. 3:    A Defendant's Decision to Testify .................................................................. 5

Instruction No. 4:    Reasonable Doubt .......................................................................................... 5

Instruction No. 5:    What Is Evidence ............................................................................................ 6

Instruction No. 6:    Stipulations of Fact ........................................................................................ 6

Instruction No. 7:    What Is Not Evidence ..................................................................................... 6

Instruction No. 8:    Direct and Circumstantial Evidence .............................................................. 7

Instruction No. 9:    Credibility of Witnesses ................................................................................. 8

Instruction No. 10:   "On or About"—Defined ............................................................................ 10

Instruction No. 11:   Separate Consideration of Multiple Counts ................................................ 10

Instruction No. 12:   Activities Not Charged ................................................................................ 10

Instruction No. 13:   Statements by the Defendant ....................................................................... 10

Instruction No. 14:   Foreign Language Testimony ...................................................................... 11

Instruction No. 15:   Demonstrative Charts Not Received in Evidence ........................................ 11

Instruction No. 16:   Testimony Received About Both Facts and Opinions .................................. 11

Instruction No. 17:   Unlawful Use of a Weapon—Elements ....................................................... 12

Instruction No. 18:   "Unlawful Use of a Weapon"—Explained ................................................... 14

Instruction No. 19:   Determination of Indian Status and Indian Country .................................... 15

Instruction No. 20:   "Intentionally"—Defined ............................................................................ 16

Instruction No. 21:   "Attempt"—Defined .................................................................................... 16

Instruction No. 22:   "Dangerous" or "Deadly Weapon"—Defined ............................................. 17

Instruction No. 23:   "Firearm"—Defined .................................................................................... 17

Instruction No. 24:   Duty to Deliberate ....................................................................................... 17

Instruction No. 25:   Consideration of Evidence—Conduct of the Jury ....................................... 18

Instruction No. 26:   Use of Notes ................................................................................................. 20

Instruction No. 27:   Jury Consideration of Punishment ............................................................... 20

Instruction No. 28:   Verdict Form ................................................................................................ 20

Instruction No. 29:   Communication with Court .......................................................................... 21

Members of the Jury, now that you have heard all the evidence, it is my duty to instruct you regarding the law that applies to this case. Each of you has been given a written copy of these final jury instructions. To the extent that anything in these final instructions is inconsistent with anything that I said in my preliminary instructions at the beginning of the trial, these final instructions control and apply to your deliberations. You may take this document to the jury room to consult during your deliberations.

**Instruction No. 1:  Duty of the Jury to Find Facts and Follow Law**

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Perform these duties fairly and impartially. You will recall that you took an oath promising to do so at the beginning of the case.

You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. As I explained at the beginning of the trial, unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed

FINAL JURY INSTRUCTIONS – Page 3

without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Instruction No. 2:  Charge, Presumption of Innocence, and Burden of Proof**

This is a criminal case brought by the United States government. The Defendant is Mr. Dat Quoc Do. The indictment describes the charges that the government brings against Mr. Do. The Defendant is charged in the indictment with two counts of unlawful use of a weapon on the Warm Springs Indian Reservation, in violation of Title 18 of the United States Code, Sections 13 and 1152 and Section 166.220(1)(a) of the Oregon Revised Statutes.

The indictment alleges that on or about September 4, 2017, on the Warm Springs Indian Reservation, within the Special Maritime and Territorial Jurisdiction of the United States, in Indian Country within the District of Oregon, the Defendant, Mr. Dat Quoc Do, did intentionally attempt to use a dangerous and deadly weapon unlawfully against ▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉, who all Indian (or Native American) females. The Defendant, Mr. Do, denies the charges.

FINAL JURY INSTRUCTIONS – Page 4

The indictment is not evidence. Mr. Do has pleaded not guilty to the charges. The Defendant is presumed to be innocent unless and until the government proves the Defendant guilty beyond a reasonable doubt. In addition, the Defendant does not have to testify or present any evidence. The Defendant does not have to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

**Instruction No. 3:  A Defendant's Decision to Testify**

The Defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

**Instruction No. 4:  Reasonable Doubt**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the Defendant is guilty. It is not required that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

FINAL JURY INSTRUCTIONS – Page 5

**Instruction No. 5:  What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits received in evidence; and

(3)    any facts to which the parties have agreed or stipulated.

**Instruction No. 6:  Stipulations of Fact**

The parties have agreed to the following facts and these facts are now conclusively established:

1.    The seized Springfield Armory XD 45 caliber pistol is an operable firearm.

2.    Dat Quoc Do's fingerprint was located on a seized 45 caliber magazine.

3.    Dat Quoc Do's DNA was located on the seized Springfield Armory XD 45 caliber pistol.

**Instruction No. 7:  What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received in evidence and any stipulations of fact to which all parties have agreed. The following things are not evidence, and you may not consider them in deciding what the facts are:

(1)   Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what lawyers have said in their opening statements and will say in their closing arguments is intended to help you interpret the evidence, but those statements and arguments are not evidence. If the facts as you remember them differ from the way they are described in the opening statements or closing arguments, your memory of the facts controls.

(2)   Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

(3)   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Instruction No. 8:  Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof, such as testimony by a witness about what that witness personally saw or heard or

FINAL JURY INSTRUCTIONS – Page 7

did. Circumstantial evidence is indirect proof; it is proof of one or more facts from which you may find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Instruction No. 9:   Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the witness's opportunity and ability to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the testimony in light of all the evidence; and

FINAL JURY INSTRUCTIONS – Page 8

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

If, however, you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

FINAL JURY INSTRUCTIONS – Page 9

**Instruction No. 10:**    **"On or About"—Defined**

The indictment charges that the offense alleged was committed "on or about" a certain date. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**Instruction No. 11:**    **Separate Consideration of Multiple Counts**

A separate crime is charged against the Defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**Instruction No. 12:**    **Activities Not Charged**

You are here only to determine whether the Defendant is guilty or not guilty of the charge alleged in the indictment. The Defendant is not on trial for any conduct or offense not charged in the indictment.

**Instruction No. 13:**    **Statements by the Defendant**

You have heard testimony that the Defendant made certain statements. It is for you to decide for each statement: (1) whether the Defendant made the statement; and (2) if so, how much weight to give to it. In making these decisions, you should consider all the evidence about the statement, including the circumstances under which the Defendant may have made it.

FINAL JURY INSTRUCTIONS – Page 10

**Instruction No. 14:     Foreign Language Testimony**

You have heard testimony of a witness who testified in the Vietnamese language. Witnesses who do not speak English or who are more proficient in another language testify through an official interpreter. Although some of you may know the Vietnamese language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

**Instruction No. 15:     Demonstrative Charts Not Received in Evidence**

During the trial, certain charts were shown to you in order to help explain the evidence in the case. These charts were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and determine the facts from the underlying evidence.

**Instruction No. 16:     Testimony Received About Both Facts and Opinions**

You have heard testimony from some witnesses about both facts and opinions. When I have allowed a witness to state his or her opinions, I also have allowed that witness to testify about the reasons for those opinions.

FINAL JURY INSTRUCTIONS – Page 11

Fact testimony is based on what the witness saw, heard, or did. As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. You may consider the factors that I discussed earlier in these instructions to assist you in weighing the credibility of any witness.

As to testimony that includes a witness's opinions, I have allowed this opinion testimony because of the education or experience of the witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Instruction No. 17:**        **Unlawful Use of a Weapon—Elements**

## <u>COUNT 1</u>

The Defendant is charged in Count 1 of the indictment with unlawful use of a weapon. A person commits the crime of unlawful use of a weapon if the person attempts to use unlawfully against another any dangerous or deadly weapon.

In this case, to establish the crime of unlawful use of a weapon in Count 1, the government must prove each of the following four elements beyond a reasonable doubt:

FINAL JURY INSTRUCTIONS – Page 12

(1)    the act occurred on or about September 4, 2017, within Indian Country in the special maritime and territorial jurisdiction of the United States;

(2)    the Defendant intentionally attempted to use a dangerous and deadly weapon unlawfully against ████████████████████████████;

(3)    ██████████████████████████ are Indian (Native American) females; and

(4)    During the commission of the offense, the Defendant personally discharged a firearm.

I instruct you as a matter of law that the Warm Springs Indian Reservation is Indian Country in the special maritime and territorial jurisdiction of the United States.

## COUNT 2

The Defendant is charged in Count 2 of the indictment with unlawful use of a weapon. A person commits the crime of unlawful use of a weapon if the person attempts to use unlawfully against another any dangerous or deadly weapon.

In this case, to establish the crime of unlawful use of a weapon in Count 2, the government must prove each of the following five elements beyond a reasonable doubt:

(1)    the act occurred on or about September 4, 2017, within Indian Country in the special maritime and territorial jurisdiction of the United States;

FINAL JURY INSTRUCTIONS – Page 13

(2)    the Defendant intentionally attempted to use a dangerous and deadly weapon unlawfully against ███████████████████████████████;

(3)    ████████████████████████████ are Indian (Native American) females;

(4)    During the commission of the offense, the Defendant personally discharged a firearm; and

(5)    the act occurred subsequent to (after) and as a separate and distinct act from the conduct alleged in Count 1.

I instruct you as a matter of law that the Warm Springs Indian Reservation is Indian Country in the special maritime and territorial jurisdiction of the United States.

**Instruction No. 18:       "Unlawful Use of a Weapon"—Explained**

In the context of this case, the phrase "to use a weapon unlawfully" means using or employing a weapon to threaten imminent serious physical injury.

The term "serious physical injury" means a physical injury that: (1) creates a substantial risk of death; (2) causes serious and protracted disfigurement, (3) causes protracted impairment of health; or (4) causes protracted loss or impairment of the function of any bodily organ.

FINAL JURY INSTRUCTIONS – Page 14

To prove that a person used or employed a weapon to threaten imminent serious physical injury, the government need not prove that the person intended to carry out the threat.

**Instruction No. 19:**      **Determination of Indian Status and Indian Country**

For a person to be found to be an Indian, the government must prove the following, beyond a reasonable doubt:

First, the person has some quantum of Indian blood, whether or not that blood is traceable to a member of a federally recognized tribe; and

Second, the person was a member of, or affiliated with, a federally recognized tribe at the time of the offense.

Whether the person was a member of, or affiliated with, a federally recognized tribe is determined by considering four factors, in declining order of importance, as follows:

1.    Enrollment in a federally recognized tribe;

2.    Government recognition formally and informally through receipt of assistance reserved only to individuals who are members, or are eligible to become members, of federally recognized tribes;

3.    Enjoyment of the benefits of affiliation with a federally recognized tribe; and

FINAL JURY INSTRUCTIONS – Page 15

4.    Social recognition as someone affiliated with a federally recognized tribe through residence on a reservation and participation in the social life of a federally recognized tribe.

I instruct you as a matter of law that the Confederated Tribes of Warm Springs is a federally recognized tribe.

**Instruction No. 20:    "Intentionally"—Defined**

A person acts "intentionally" or "with intent" when that person acts with a conscious objective to engage in particular conduct.

When used in the phrase "intentionally attempted to use a dangerous and deadly weapon unlawfully against another," "intentionally" means that a person acts with a conscious objective to use a dangerous and deadly weapon unlawfully against another.

**Instruction No. 21:    "Attempt"—Defined**

A person attempts to use a dangerous and deadly weapon unlawfully against another when that person intentionally engages in conduct that constitutes a substantial step toward the commission of that crime. A substantial step is conduct that (1) advances the criminal purpose charged and (2) provides some verification of the existence of that purpose.

FINAL JURY INSTRUCTIONS – Page 16

**Instruction No. 22:**      **"Dangerous" or "Deadly Weapon"—Defined**

The term "dangerous weapon" means any weapon, device, instrument, material, or substance that, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious physical injury. The term "deadly weapon" means any instrument, article, or substance specifically designed for and presently capable of causing death or serious physical injury.

**Instruction No. 23:**      **"Firearm"—Defined**

The term "firearm" means a weapon by whatever name known that is designed to expel a projectile by the action of powder.

### *** CLOSING ARGUMENTS BY COUNSEL ***

**Instruction No. 24:**      **Duty to Deliberate**

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that

FINAL JURY INSTRUCTIONS – Page 17

you should. But do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases to influence you. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Instruction No. 25:    Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the trial and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. You may, of course, discuss the case with the other jurors during your deliberations.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any

FINAL JURY INSTRUCTIONS – Page 18

electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website, for example Facebook, Nextdoor, Google+, MySpace, LinkedIn, YouTube, SnapChat, or Twitter, to communicate to anyone any information about this case or to conduct any factual or legal research about this case until after I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You may not use electronic or any other means to research, investigate, or communicate anything about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any factual or legal research about anything related to the case, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure that the parties have a fair trial based on the same evidence that each party has had an opportunity to address. Furthermore, information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the

FINAL JURY INSTRUCTIONS – Page 19

same evidence that you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom because your decision may not be based on information known only by you and not by your fellow jurors or the parties in the case. This would unfairly and adversely affect the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings. I expect that you will inform me if and as soon as you become aware of another juror's violation of these instructions. Also, if any juror is exposed to any outside information, please notify the court immediately.

**Instruction No. 26:       Use of Notes**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Instruction No. 27:       Jury Consideration of Punishment**

The punishment provided by law for these crimes is for the court to decide. You may not consider punishment in deciding whether the government has proven its case against the Defendant beyond a reasonable doubt.

**Instruction No. 28:       Verdict Form**

A verdict form has been prepared for you. After you have reached unanimous agreement, your presiding juror should complete the verdict form

FINAL JURY INSTRUCTIONS – Page 20

according to your deliberations, sign it, date it, and advise the Clerk of the Courtroom that you are ready to return to the courtroom.

**Instruction No. 29:**         **Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Clerk of the Courtroom signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of a defendant, until after you have reached a unanimous verdict or have been discharged by the Court.