IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:17-cr-431-SI |
| v. | **ORDER** |
| **DAT QUOC DO**, | |
| Defendant. | |

Billy J. Williams, United States Attorney, and Paul Maloney and Lewis Burkhart, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for United States of America.

Gerald M. Needham and Elizabeth G. Daily, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, 101 SW Main Street, Suite 1700, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

A federal jury convicted Defendant Dat Quoc Do of two counts of unlawful use of a weapon in violation of Or. Rev. Stat. §§ 166.220(1)(a) and 161.610 as assimilated by 18 U.S.C. §§ 13 and 1152. Defendant has moved for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. For the reasons that follow, Defendant's motion for new trial is denied.

A district court may vacate a verdict of conviction and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Court's power to grant a motion for new trial is broader than its power to grant a motion for judgment of acquittal. *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000). Defendant makes three arguments in support of his motion, but they do not individually or cumulatively warrant a new trial.

First, Defendant argues that the Court erred in instructing the jury that "the government need not prove that the person intended to carry out the threat" to find Defendant guilty of the offense of unlawful use of a weapon under Or. Rev. Stat. § 166.220(1)(1). Final Jury Instructions, Instruction No. 18. Instead, Defendant argues, the Court should have instructed the jury that "the purported threat must objectively convey the defendant's unequivocal intent to follow through." In support of this argument, Defendant relies on *State v. Rangel*, 328 Or. 294, 303 (1999). But that case involved the interpretation of a different statute (Oregon's stalking law) and very different facts. In *Rangel*, the alleged threats "constitute speech or writing, rather than physical force or other behaviors that are beyond the scope of Article 1, section 8" of the Oregon Constitution, which protects of freedom of expression. *Id*. In the pending case, however, Defendant did not communicate a threat by "speech or writing" but instead by the physical act of firing a gun. Oregon courts have repeatedly held that threatening someone with a gun—such as by "pointing the revolver upwards and back and forth"—constitutes unlawful use of a weapon under Or. Rev. Stat. § 166.220(1)(a) and is prohibited even if a defendant "did not intend to harm the victims with the revolver." *See, e.g., State v. Smith*, 274 Or. App. 562, 567 (2015); *see also State v. Ziska*, 355 Or. 799, 811 (2014) (holding that the crime of unlawful use of a weapon does not require that the defendant "necessarily intend[] to injure the other person."). Accordingly, it was not incorrect to instruct the jury that Oregon's crime of unlawful use of a weapon does not require the government to prove that the Defendant intended to carry out the threat, or even objectively convey an unequivocal intent to discharge a weapon at another person.

Second, Defendant argues that the prosecutor asserted during closing argument facts not in evidence that the prosecutor should have had reason to doubt. During closing argument, the government made several references to the victims in the car "coming clean" and finally telling

the truth about throwing a water bottle toward the car in which Defendant was riding. Defendant points to evidence suggesting that the victims in the car, particularly AV2, did not decide to tell the truth at trial about throwing the water bottle of her own accord, but instead because AV2's lie would have been exposed by a friend of a friend who spoke to a defense investigator. But the prosecutor's statement that the victims in the car "came clean" "because they knew about their obligation to testify truthfully" at trial is not inconsistent with Defendant's version of events. Defendant does not dispute that the victims did tell the truth at trial. Whether the victims decided to tell the truth at trial because they were afraid of being caught in a lie or because they were at trial and subject to cross-examination does not undermine the assertion by the government at closing that they eventually "came clean." Furthermore, "prosecutorial misconduct invites reversal if it appears more probable than not that the alleged misconduct affected the jury's verdict." *United States v. Simtob*, 901 F.2d 799, 806 (9th Cir. 1990). Even if the Court were to accept Defendant's argument that the prosecutor's statement that the AV2 "came clean" somehow misleadingly implied that she did so of her own volition, that point was immaterial. The jury heard that AV2 threw an empty plastic bottle toward Defendant's car, and there was no dispute over that fact. There also was no serious dispute over the fact that shortly thereafter Defendant fired several shots from his gun. The key issue at trial was whether Defendant intended to threaten the victims by firing his gun.

Finally, Defendant argues that the prosecutor's closing argument improperly suggested that the jury should base its verdict on a desire to protect the community, rather than the guilt or innocence of Defendant. Prosecutors may not urge a jury to convict on the basis of passion, prejudice, or out of a desire to preserve civil order or deter future crime. *See United States v. Koon*, 34 F.3d 1416, 1443 (9th Cir. 1994). The statements that Defendant argues are

impermissible include several comments about the victims' actual fear and a statement that "[t]he individuals in that car deserve the protections of the law." None of these statements are inappropriate. When explaining why the government need not prove that a defendant intended to carry out the threat, the prosecutor stated that it was "because the gravamen of that crime, the reason that crime exists, is to prevent people from making people like [the victims] fearful to the point that they think someone is going to kill them on a roadway at night when they're just trying to get home too." Defendant's intent was the key issue in this case. To the extent that Defendant, by firing his gun, intended to place the victims in fear, evidence that the victims were placed in fear is proper circumstantial evidence that Defendant had the intent to bring about that result. Further, the prosecutor's statement that the victims "deserve the protections of the law" was made in response to Defendant's argument that the victims instigated the incident by driving slowly, making obscene hand gestures, and throwing an empty plastic bottle at Defendant's car. The prosecutor's response that the victims deserve the protection of the law was not an abstract argument that the jury had an obligation to protect the community but merely a rebuttal to the Defendant's argument that his actions were excusable based on the victims' conduct or that the victims somehow deserved to be frightened by Defendant's warning shots.

Defendant's Motion for a New Trial (ECF 142) is DENIED.

**IT IS SO ORDERED**.

DATED this 30th day of May, 2019.

>/s/ *Michael H. Simon*
> Michael H. Simon
> United States District Judge